UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SERGEY YAVORSKY and NINA YAVORSKY, parents of IGOR YAVORSKY, deceased** | **CIVIL ACTION** |
| **VERSUS** | **NO: 14-2007** |
| **FELICE NAVIGATION, INC. and PRIMEROSE SHIPPING CO., LTD.** | **SECTION: "S" (4)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (Doc. #5) is **GRANTED**, and this matter is **REMANDED** to the Civil District Court, Parish of Orleans, State of Louisiana.

## BACKGROUND

This matter is before the court on a motion to remand filed by plaintiffs, Sergey and Nina Yavorsky, the parents of the deceased seaman, Igor Yavorsky. They argue that defendants, Felice Navigation, Inc. and Primerose Shipping Co., Ltd., improperly removed this action to the United States District Court for the Eastern District of Louisiana, and that it should be remanded to the Civil District Court, Parish of Orleans, State of Louisiana, where it was originally filed.

Plaintiffs, who are citizens of Ukraine, filed this actions seeking damages for their son's death. They allege that on January 17, 2014, Igor was fatally injured by his fellow seamen while working as the chief officer aboard the M/V OCEAN LION, a Liberian-flagged vessel owned by Felice and managed by Primerose. Felice is organized under the laws of, and maintains its principal place of business in, Liberia. Primerose is organized under the laws of the Marshall Islands and maintains offices in the Marshall Islands and Greece. At the time of Igor's death, the M/V OCEAN LION was on the Mississippi River.

Plaintiffs alleged that Igor was employed by Felice and Primerose pursuant to an employment contract and a collective bargaining agreement between the United Trade Union of Seafarers and Primerose. They allege that Igor's salary was $5,600 per month, and that the collective bargaining agreement provided for a salary increase effective January 1, 2014. They also allege that the collective bargaining agreement provided contractual death benefits in the amount of $45,000 that have not been paid.

Plaintiffs brought claims under the Jones Act, 46 U.S.C. § 30104, *et seq.*, and the general maritime law. They also state that they have suffered "contractual damages" for the defendants' failure to pay the death benefits stated in the collective bargaining agreement. Defendants removed this action to the United States District Court for the Eastern District of Louisiana alleging subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1333. Specifically, defendants allege that this court has subject matter jurisdiction under § 1331, because this case involves a collective bargaining agreement, and such cases are removable under 29 U.S.C. § 185, *et seq.* They also allege that this court has original jurisdiction over general maritime law claims under § 1333, and that such claims are now removable due to the 2011 Amendments to 28 U.S.C. § 1441. Further, defendants argue that plaintiffs' Jones Act claims are fraudulently pleaded to prevent removal.

## ANALYSIS

**A.      Legal Standard for Remand**

Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides that "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The removing defendant bears the burden of

demonstrating that federal jurisdiction exists and therefore that removal was proper. Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir.), *cert. denied,* 114 S.Ct. 192 (1993).

In assessing whether removal is appropriate, the court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir.2002). Doubts regarding whether federal jurisdiction is proper should be resolved against federal jurisdiction. Acuna v. Brown & Root, 200 F.3d 335, 339 (5th Cir. 2000).

**B.    Removability under the Labor Management Relations Act ("LMRA")**

Defendants argue that this case is removable under § 301 of the LMRA, 29 U.S.C. § 185, because it involves a collective-bargaining agreement.

Section 301 of the LMRA states:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185. This section provides the requisite jurisdiction and exclusive remedy for an individual employee covered by a collective-bargaining agreement between the individual's employer and the union representing the employees, who asserts a violation of that agreement. See Thomas v. LTV Corp., 39 F.3d 611, 617 (5th Cir. 1995). It also authorizes removal of actions to which it applies. See Beneficial Nat'l Bank v. Anderson, 123 S.Ct. 2058, 2062 (2003) (citing Avco Corp v. Machinists, 88 S.Ct. 1235 (1968)).

3

Section 301 can preempt causes of action arising in both contract and tort, and such "preemption occurs when a decision on the [other claims] is inextricably intertwined with considerations of the terms of the labor contract or when the application of [other] law to a dispute requires interpretation of the collective-bargaining agreement." Thomas, 39 F.3d at 616 (citations omitted).  In Caterpillar Inc. v. Williams, 107 S.Ct. 2425, 2431 (1987), the Supreme Court of the United States stated that "[s]ection 301 of the LMRA governs claims founded directly on rights created by collective-bargaining agreements, and also claims 'substantially dependent on analysis of a collective-bargaining agreement.'" (quoting Int'l Bhd. of Elec. Workers v. Hechler, 107 S.Ct. 2161, 2167, n. 3 (1987)). Thereafter, the Court clarified, stating that:

> if the resolution of [other claims] depends upon the meaning of a collective-bargaining agreement, the application of [other] law (which might lead to inconsistent results since there could be as many state-law principles as there are States) is pre-empted and federal labor-law principles – necessarily uniform through the Nation – must be employed to resolve the dispute.

Lingle v. Norge Div., Magic Chef, Inc., 108 S.Ct. 1877, 1881 (1988). "Equally well-recognized, however, is the principle that claims only tangentially involving provisions of collective-bargaining agreements are not preempted by section 301." Thomas, 39 F.3d at 617 (citing Lingle, 108 S.Ct. at 1883-84); see also Livadas v. Bradshaw, 114 S.Ct. 2068, 2078 (1994) ("We were clear that when the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of . . . litigation plainly does not require the claim to be extinguished," for example when the collective-bargaining agreement contains the rate of pay that might be helpful in determining damages) (quoting Lingle, 108 S.Ct. at 1885, n. 12).

In this case, plaintiffs have alleged claims under the Jones Act and general maritime law seeking damages for their son's death.  These claims do not seek or require an interpretation of the

4

collective-bargaining agreement. Further, these claims are not "founded directly on rights created by [the] collective-bargaining agreement" or "substantially dependent on analysis of [the] collective-bargaining agreement." Rather, these claims are grounded in a statute or the general maritime law, and are tangentially related to the collective-bargaining agreement, which plaintiffs allege set Igor's wages and an amount for death benefits. Thus, § 301 does not preempt plaintiffs' claims, and they are not removable under that statute.

## C.    Removability of General Maritime Law Claims

Defendants argue that general maritime law claims, over which the federal court has original jurisdiction under 28 U.S.C. § 1333, but are traditionally non-removable, are now removable due to the effect of the 2011 Amendments to 28 U.S.C. § 1441.

Section 1441(a), as amended, states:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.[1]

28 U.S.C. § 1441(a). The statute granting admiralty jurisdiction to the federal courts states that "[t]he district courts shall have original jurisdiction, exclusive of the courts of the States, of : (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333. Defendants, citing Ryan v. Hercules Offshore, Inc., 945 F.Supp.2d 772 (S.D. Tex. 2013), argue that these statutes, when read together, mean that

---

[1] The prior version of § 1441(a) was identical to the current version, except it included this last sentence: "For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."

general maritime law claims are removable under § 1441, because federal courts have original jurisdiction over such claims under § 1333.

Prior to the 2011 Amendments, § 1441(b) read:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship of such residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

The current version of § 1441(b) states:

> **Removal based on diversity of citizenship. – (1)** In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> **(2)** A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action in brought.

General maritime law claims do not arise under the Constitution, treaties or laws of the United States for the purposes of federal question jurisdiction under § 1331. See Romero v. Int'l Terminal Operating Co., 79 S.Ct. 468, 482 (1959). Thus, prior to the 2011 Amendments to § 1441, the United States Court of Appeals for the Fifth Circuit held that general maritime law claims were not removable, without some other basis for subject matter jurisdiction, because they were included with the "[a]ny other such actions" addressed in the second sentence, and the court construed this language as an "Act of Congress" that "expressly provided" that general maritime law claims were not removable under § 1441(a). In re Dutille, 935 F.2d 61, 63 (5th Cir. 1991).

In Ryan, 945 F.Supp.2d at 774-778, the court reasoned that the removal of the "any other such action" language from § 1441(b) leads to the conclusion that § 1441 no longer prohibits the removal of general maritime law claims brought in state court, and such claims are removable to federal court because they are within the court's original jurisdiction. Other district courts have followed Ryan, finding that general maritime law claims are freely removable without some other basis for federal court subject matter jurisdiction, such as diversity under 28 U.S.C. § 1332 or federal question under 28 U.S.C. § 1331. See Wells v. Abe's Boat Rentals Inc., 2013 WL 3110322 (S.D. Tex. 6/18/2013); Bridges v. Phillips 66 Co., 2013 WL 6092803 (M.D. La. 11/19/2013); Carrigan v. M/V AMC AMBASSADOR, 2014 WL 358353 (S.D. Tex. 1/31/2014); Exxon Mobil Corp. v. Starr Indem. & Liab. Co., 2014 WL 2739309 (S.D. Tex. 6/17/2014).

However, many sections of the United States District Court for the Eastern District of Louisiana have disagreed with the reasoning in Ryan. See Gregoire v. Enter. Marine Servs., LLC, 2014 WL 3866589 (E.D. La. 8/6/2014) (Duval, J.); Bisso Marine Co., Inc. v. Techcrane Int'l, LLC, 2014 WL 4489618 (E.D. La. 9/10/2014) (Feldman, J.); Grasshopper Oysters, Inc. v. Great Lakes Dredge & Dock, LLC, 2014 WL 3796150 (E.D. La. 7/29/2014) (Berrigan, J.); Barry v. Shell Oil Co., 2014 WL 775662 (E.D. La. 2/25/2014) (Zainey, J.); Perrier v. Shell Oil Co., 2014 WL 2155258 (E.D. La. 5/22/2014) (Zainey, J.). These courts focused on the "savings to suitors" clause in § 1333, looked at the history of maritime removal jurisdiction, and concluded that the 2011 Amendments to § 1441 did not change the traditional non-removability of general maritime law claims. As stated in Gregoire, 2014 WL 3866589, at 8-9:

> Under Section 1441(a), removal of civil actions is permitted where the federal district court has "original jurisdiction" over the claim. Section 1333 provides jurisdiction to the federal court exclusively for *in rem* actions and concurrently with the state courts for *in personam*

7

actions; without more, removal of maritime cases instituted in state courts appears to apply, superficially, under Section 1441(a). Yet Congress carefully wrought Section 1333 to balance interests of federalism and recognize historical development of maritime law in state courts by including the saving to suitors clause. Maritime claims initiated in state court are, by definition, brought at common law under the saving to suitors clause as an "exception" to the original jurisdiction of the federal courts. If state court maritime cases were removable under Section 1333, the effect would be tantamount to considering all maritime law claims as part of federal question jurisdiction under Section 1331, eviscerating the saving to suitors clause and undermining the holding and policies discussed at length in *Romero.* That the saving to suitors clause does not guarantee a non-federal forum but only common law remedy, a rule oft cited by the Fifth Circuit, does not lead to the conclusion that the suit is invariably removable. As already established, maritime law claims brought under the saving to suitors clause in state court have traditionally required some other basis of jurisdiction independent of Section 1333 to be removable, supported by practical reasons and sound policy.

Congress' 2011 amendments to Section 1441 do not alter this conclusion. Though *Dutile* determined that "[a]ny other such action" under Section 1441(b) was an "Act of Congress" prohibiting removal of saving to suitors clause cases absent diversity and out-of-state defendants, the removal of this language in no way modified the long-standing rule that general maritime law claims require some other non-admiralty source of jurisdiction to be removable. Congress has not given any indication that it intended to make substantive changes to removal of admiralty matters, and the Fifth Circuit has not indicated otherwise. Despite the present debate over formalistic administration of admiralty law in the context of removal jurisdiction versus adherence to traditional admiralty procedure, this Court is bound to follow the clear precedent before it. Therefore, this Court finds that general maritime law claims are not removable under Section 1333 as part of the original jurisdiction of the court and require an independent basis of jurisdiction.

In determining whether remand is appropriate, the Court must "scrupulously confine ... jurisdiction to the precise limits which the statute has defined," and construe doubts concerning removal in favor of remand.

After examining the competing district court decisions, this court finds the reasoning stated in <u>Gregoire</u> to be persuasive, and will follow the other sections of this court in holding that the 2011 Amendments to § 1441 did not change the traditional non-removability of general maritime law claims initiated in state court, and such claims are not removable without an independent basis of subject matter jurisdiction. As stated above, section 301 of the LMRA is inapplicable, and defendants have not offered any other independent basis of subject matter jurisdiction. Therefore, plaintiffs' motion to remand is GRANTED.[2]

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (Doc. #5) is **GRANTED**, and this matter is **REMANDED** to the Civil District Court, Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, this __7th__ day of November, 2014.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**

---

[2] Because this court finds that general maritime law claims are not removable, it is unnecessary to discuss defendants' argument that plaintiffs' Jones Act claims are fraudulently pleaded.